DONALD CLOYCE WAGDA (CA SBN 257254)
547 Blackhawk Club Drive
Danville, California  94506
Telephone:  (650) 644-7151
donald@wagdalaw.com

*Pro Se* Plaintiff and *Qui Tam* Relator

**FILED**
Jun 12, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DONALD CLOYCE WAGDA, <br><br>  Plaintiff, <br><br> vs. <br><br> RABOBANK, NATIONAL ASSOCIATION, a national association, and <br><br> DOES 1-50, jointly and severally, <br><br>  Defendants. | Case No. 2:19-cv-1079 MCE EFB <br><br> **COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT** <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730** <br><br> **DO NOT ENTER INTO PACER** <br><br> **DO NOT PLACE IN PRESS BOX** |

//
//
//
//
//
//
//
//

COMPLAINT                                                1

This is a *qui tam* action by Plaintiff Donald Cloyce Wagda ("Relator"), an attorney, to obtain civil penalties and treble damages on behalf of the United States of America against Rabobank, National Association and the other above-captioned defendants (collectively, "Defendants") on account of certain escheatments of federal monies to the State of California in violation of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq*. (the "FCA" or the "Act").  Relator alleges on knowledge as to himself and his own acts, and on information and belief as to all other matters, as follows:

## JURISDICTION

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the Constitution, laws, or treaties of the United States, specifically, the FCA.  In addition, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, because it is a civil action, suit or proceeding commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress, specifically, by Section 3730(b)(1) of the FCA.  *See* 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government…").  The court may exercise personal jurisdiction over the Defendants under 31 U.S.C. § 3732(a), because at least one Defendant transacts business in this judicial district.

## VENUE

2. Venue is proper, pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and at least one Defendant transacts business in this District.

## STATUTE OF LIMITATIONS

3. This action has been timely filed within all applicable statutes of limitation, including those set forth in Section 3731(b) of the FCA.

**FCA FILING PROCEDURES**

4. Pursuant to 31 U.S.C. § 3730(b)(2), this Complaint has been filed *in camera*, will remain under seal for at least 60 days, and will not be served on any Defendant until the Court so orders.

5. In accordance with L.R. 141, Relator has submitted herewith a Plaintiff's Request to Seal Documents, a Notice of Plaintiff's Request to Seal Documents, and a [Proposed] Order Granting Plaintiff's Request to Seal Documents.

6. Pursuant to 31 U.S.C. § 3730(b)(2), Plaintiff has served a copy of this Complaint, and a written disclosure of substantially all material evidence and information possessed by Plaintiff, on the Federal Government through its agents The Honorable McGregor "Greg" Scott, United States Attorney for the Eastern District of California, and The Honorable William P. Barr, Attorney General of the United States.

7. There has been no public disclosure of substantially the same allegations or transactions as alleged in this Complaint (i) in a Federal criminal, civil, or administrative hearing in which the U.S. Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media. Thus, this Action is not barred by the so-called "Public Disclosure Bar" of 31 U.S.C. § 3730(e)(4).

**INTRODUCTION**

8. Almost every year for nearly a decade, Defendants have concluded that certain properties held by them satisfy the conditions for escheat set forth in California's Unclaimed Property Law, Cal. Code of Civ. P. §§ 1500 *et seq.* ("UPL"), and have proceeded to report and escheat those properties to the State of California in attempted compliance with the UPL. Among those properties, however, are federal monies that are required instead to be returned to the Federal Government pursuant to the superseding requirements of the FCA. Defendants have failed to meet their obligations under the FCA, giving rise to this Action.

## PARTIES

9. Relator Donald Wagda is an attorney licensed to practice law in California and admitted to practice before the United States District Court for the Eastern District of California. Mr. Wagda resides in Contra Costa County within the State of California.

10. Defendant Rabobank, National Association ("Corporate Defendant" or the "Holder") is a national association headquartered in Roseville, California.

11. Defendants Does 1-50 are natural persons and are sued in their individual capacity. At all times relevant hereto, each of Does 1-50 was an agent of Defendant.

12. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 50, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe Defendant so named is responsible in some manner for certain of the penalties and damages suffered by the United States as set forth herein. Plaintiff will amend this Complaint to state the true names and capacities of Defendants Does 1 through 50, inclusive, when they have been ascertained.

13. Each Defendant is a person within the meaning of the FCA.

## GOVERNING LAW AND INFORMATION SOURCES

14. This Action is made pursuant to Sections 3729(a)(1)(C), (D), and (G) of the FCA, in effect since May 20, 2009. In relevant part, Section 3729 of the FCA provides:

> **(a) Liability for Certain Acts.—**
>   **(1) In general.—**Subject to paragraph (2), any person who—
>     **(A)** [presents false and fraudulent claims];
>     **(B)** [makes or uses false records material to false and fraudulent claims];
>     **(C) conspires to commit a violation of subparagraph** (A), (B), **(D)**, (E), (F), **or (G);**
>     **(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;**
>     **(E)** [makes or delivers receipts with fraudulent intent];
>     **(F)** [unlawfully buys federal property or receives it as a pledge]; or
>     **(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government,**

COMPLAINT 4

or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410[1]), plus 3 times the amount of damages which the Government sustains because of the act of that person.[2]

**(2)** [Reduced damages in certain cases where culpable persons cooperate.]

**(3) Costs of civil actions.**—A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.

**(b) Definitions.**—For purposes of this section—

**(1) the terms "knowing" and "knowingly"**—

**(A) mean that a person, with respect to information**—

**(i) has actual knowledge of the information;**

**(ii) acts in deliberate ignorance of the truth or falsity of the information; or**

**(iii) acts in reckless disregard of the truth or falsity of the information; and**

**(B) require no proof of specific intent to defraud;**

**(2)** [definition of "claim"];

**(3)** the term "obligation" means an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment; and

**(4)** the term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.

**(c)** [Exemption from Disclosure under Freedom of Information Act.]

**(d) Exclusion**. This section does not apply to claims, records, or statements made under the Internal Revenue Code of 1986.

31 U.S.C. § 3729 (all emphases supplied).

15. Before the 2009 amendment, prior Section 3729 (effective Oct. 27, 1986) required a fraudulent intent for liability to attach.[3] Under modern Sections 3729(a)(1)(C), (D), and (G), however, *liability may attach absent a fraudulent intent* for acts or omissions occurring on or after May 20, 2009.

---

[1] So in original. Probably should be "101–410."

[2] The penalty for each violation of Section 3729(a) occurring after November 2, 2015 and assessed after March 1, 2019 is now a minimum of $11,463 and a maximum of $22,927. 84 Fed. Reg. 2445 (March 1, 2019).

[3] For example, prior Section 3729(a)(4) (Oct. 27, 1986), the predecessor to modern Subsection D, imposed liability upon "Any person who . . . (4) has possession, custody or control of property or money used, or to be used, by the Government and, *intending to defraud the Government or willfully to conceal* the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt . . .". *See* 31 U.S.C. § 3729(a)(4) (Oct. 27, 1986) (emphasis supplied) (superseded by current Section 3729(a)(1)(D) with respect to acts or omissions occurring on or after May 20, 2009).

COMPLAINT 5

All claims herein are based upon acts or omissions occurring on or after May 20, 2009 and are asserted under the current version of the FCA.

16.   At all times relevant hereto, the escheat provisions of UPL have been pre-empted[4] by the conflicting requirements of Section 3729(a)(1)(D) of the FCA.

17.   All allegations made herein on information and belief are based upon search results obtained through queries of California's Unclaimed Property Database (the "Database").

## FACTUAL ALLEGATIONS

18.   Holder has held possession, custody or control of properties and monies used, or to be used, by the Federal Government ("federal properties") for the respective dormancy periods set forth in UPL, then escheated the properties to the State of California instead of returning[5] them to their rightful owner, the United States Government ("Diverted Properties").

19.   Diverted Properties include, without limitation, the 46 items of federal property set forth in Exhibit A, incorporated by reference ("Scheduled Properties"), with an average face value of over $12,688 per item and a total face value of over $583,671.

20.   The chart at Exhibit A hereto, incorporated by reference, contains select information from California's Database regarding certain Diverted Properties ("Scheduled Properties"), including, with respect to each such property, the Property ID, Date Reported (to California by the Holder), Property Type, Holder Name, Owner Name[6] and Cash Reported (*i.e.*, the dollar amount of the property), in each

---

[4] *See* U.S. CONST. art. VI.
[5] Federal payments can be made via the Federal Government's online payment portal at www.pay.gov.
[6] Per UPL, references to "Owner" in the context of California's Database may refer to the apparent owner, *i.e.*, the person who appears from the records of the Holder to be entitled to the property held by the Holder. *See* Cal. Code of Civ. P. §§ 1501 and 1530 (defining "Apparent Owner" and "Owner" and specifying the required contents of holders' reports of escheated funds).

COMPLAINT                                                                    6

case as reported to the State of California by the Holder acting in attempted compliance with UPL.[7] The reference numbers in the column labeled "Ref No." were assigned by the Relator for the convenience of the Court and the Parties.

21.     All acts, omissions and knowledge of Corporate Defendant described herein are also attributable to its respective agent Doe Defendant(s) who performed, or are otherwise responsible for, said acts or omissions.

## FIRST COUNT
### (Failure to Return Federal Property)
### (31 U.S.C. § 3729(a)(1)(D))
### (Against All Defendants)

22.     Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

23.     Holder has had possession, custody, or control of property or money used, or to be used, by the U.S. government, and in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the information, has knowingly delivered, or caused to be delivered, less than all of that money or property, in violation of Subsection (D).

24.     Each of the Scheduled Properties was, as of the date reported to the State of California by the Holder, actually known by the Holder to be a federal property, or would have been so known absent the Holder's reckless disregard or deliberate ignorance of the truth or falsity of the information involved. The information reported by the Holder of each such property was in each instance sufficient to provide actual notice, or at least inquiry notice, to the Holder that such property is a federal property.

25.     Each of the Scheduled Properties was, by virtue of being reported and escheated to the

---

[7] Other information contained in the Database, but not in Exhibit A, with respect to Scheduled Properties includes: Shares Reported, Name of Securities Reported, Number of Owners, Owner Address (Owner Street 1, Owner Street 2, Owner Street 3, Owner City, Owner State, Owner Zip, Owner Country Code), Current Cash Balance, Number of Pending Claims, Number of Paid Claims, Date of Last Contact, Holder Address (Holder Street 1, Holder Street 2, Holder Street 3, Holder City, Holder State, Holder Zip) and CUSIP, in each case as reported to the State of California by the Scheduled Properties' respective Holders acting in attempted compliance with UPL.

State of California by its Holder, actually known by the Holder to not have been delivered to the Federal Government, or would have been so known absent the Holder's reckless disregard or deliberate ignorance of the truth or falsity of the information involved.

26. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND COUNT**
**(Materially False Records and Statements)**
**(31 U.S.C. § 3729(a)(1)(G))**
**(Against All Defendants)**

27. Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

28. As described in further detailed below, the Holder has, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the information, knowingly made and used, and caused to be made or used, false records or statements material to obligations to pay or transmit money to the U.S. government, in violation of Subsection (G).

29. The Holder has an obligation, with respect to each of the Diverted Properties, to pay or transmit money or property to the Federal Government, which obligation arises from Subsection (D).[8]

30. In connection with the escheatment of each of the Scheduled Properties, the Holder made and transmitted to the State of California a record ("Holder's Record") that was used by the State of California to populate the state's Database. Each Holder's Record included substantially all the information that was thereafter set forth in California's Database with respect to the property.

31. Each Holder's Record failed to report accurate mailing address information with respect

---

[8] In some instances, such an obligation may also arise from another statute or regulation, an express or implied contractual, grantor-grantee, or licensor-licensee relationship, a fee-based or similar relationship, and/or the retention of an overpayment.

to the owner(s) of the property reported thereby.  For each of the Scheduled Properties, the owner's address was not reported in the Holder's Record.  The true address of each such owner was well established and known to the Holder, or in the alternative, could easily have been obtained, recorded and reported by the Holder absent the Holder's reckless disregard or deliberate ignorance of the information involved.  For example, in connection with escheatment of four properties with a face amount of $139,904.02 per property (Property ID Nos. 994885048, 994885049, 994885050 and 994885051, *i.e.,* Ref. Nos. 43-46), the Holder made and transmitted a Holder's Record listing the property's owner, USDA Rural Development Agency, without an address.  *See* Exhibit B.

32. In addition, the Holder has recklessly, or with deliberate ignorance, made certain false Holder's Records including typographical or other facially apparent factual errors.

33. Holder's making of false Holder's Records has, in turn, caused the State of California to make its own false records (repeating the same false information), as described *infra*.

34. Every week since at least April 3, 2019, the State of California has published a comprehensive set of updated, downloadable records of the Database's contents online at https://sco.ca.gov/upd_download_property_records.html (the "Downloadable Records").

35. Downloadable Records generated by the State of California on April 3, 2019 included the Database's contents with regard to all Scheduled Properties, except three properties (Property ID Nos. 975520533, 979824882 and 979824929, *i.e.*, Ref. Nos. 17, 26 and 27).

36. From 2017 to the present, Relator and his agents have performed online queries of the Database at https://ucpi.sco.ca.gov/UCP/Default.aspx, causing the State of California's system to generate abridged online records of information contained therein ("Abridged Records").  The form of Abridged Records is substantially similar to the examples set forth at Exhibit B, incorporated by reference.

37. Property ID No. 975520533 (Ref. No. 17) was the subject of at least one Abridged

Record, generated by the State of California on January 11, 2018. Each of Property ID Nos. 979824882 and 979824929 (*i.e.*, Ref. Nos. 26 and 27) was the subject of at least one Abridged Record, generated by the State of California on November 20, 2017.

38. False "Owner Address" information contained in Holder's Records, Downloadable Records and Abridged Records is material to the obligations to pay or transmit money or property to the U.S. Government, in that it has a natural tendency to influence, or is capable of influencing, fulfillment of the obligations, as follows. First, properties recorded and reported with a false address could be excluded from Abridged Records generated by California's online search system, because the system excludes results where search queries contain text that mismatches or exceeds the text contained in the Database. For example, whereas a search for "USDA" alone would generate an Abridged Record for each of the four $139,904.02 properties described above (*see* Exhibit B), a similar search additionally specifying the owner's city as "washington" (or any other city) would generate a search result of "No Match" (since the search term entered for the owner's city wouldn't match the nonexistent entry in the Database). Second, false address records are likely to interfere with mailing of statutorily required notices that would otherwise alert the Federal Government about the status and location of its Diverted Properties, thus delaying recovery of the properties. *See Taylor v. Yee*, 780 F. 3d 928, 931-933 (9th Cir. 2015) (summarizing the notice requirements of UPL).

39. Typographical and other facially apparent errors contained in Holder's Records, Downloadable Records and Abridged Records are material to obligations to pay or transmit money to the U.S. Government, in that they have a natural tendency to influence, or is capable of influencing, fulfillment of the obligations. Specifically, Diverted Properties that were reported with a false owner's name by the Holder could be excluded from Abridged Records generated by California's online search system, because, again, the system excludes results where search queries contain text that mismatches or exceeds the text contained in the Database. For example, a search query for properties belonging to

"United States Treasury" would fail to generate an Abridged Record with regard to Property ID Number 959144633 (Ref. No. 3), because that property is erroneously listed in the Database as belonging to "UNITED STATE [sic] TREASURY."  For another example, a Scheduled Property (Property ID No. 969522524, Ref. No. 8), reported as belonging to "US MARSHALLS [sic] SERVICE", would not have been revealed through an online search of the Database using the any of the following search terms (nor their ALLCAPS equivalents): "US Marshals," "U S Marshals," "U.S. Marshals," "U. S. Marshals," "United States Marshals, "US Marshals Service," "U S Marshals Service," "U.S. Marshals Service," "U. S. Marshals Service," "United States Marshals Service," "U S Marshalls," "U.S. Marshalls," "U. S. Marshalls," "United States Marshalls," "U S Marshalls Service," "U.S. Marshalls Service," "U. S. Marshalls Service," "United States Marshalls Service," "Marshals," "Marshals Service," "Marshalls," "Marshalls Service," "Marshal," "Marshal Service," "Marshall," or "Marshall Service."  Searches of Downloadable Records could be similarly impaired, since "Control-F" and other database search tools often only find exact matches in response to search queries.

40. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD COUNT
### (Conspiracy – 31 U.S.C. § 3729(a)(1)(C))
### (Against All Defendants)

41. Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

42. As detailed above, and in violation of Subsection (C), the Holder has knowingly conspired, and may still be conspiring, with the State of California and its agents to commit acts in violation of Subsection (D) and/or Subsection (G). The Holder has committed one or more overt acts in furtherance of its respective conspiracies.

43. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and relief as follows:

A. Treble damages (including treble face value of Diverted Properties), as provided by 31 U.S.C. § 3729(a)(1);

B. Civil penalties, to be calculated in accordance with 31 U.S.C. § 3729(a)(1);

C. Costs of this Action, as provided by 31 U.S.C. § 3729(a)(3);

D. Reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs, pursuant to 31 U.S.C. §3730(d)(1)-(2);

D. Such other and further relief as the Court may deem just and proper.

Dated: June 12, 2019

*Ronald Cloyce Wagda*
Donald Cloyce Wagda
*Pro Se* Plaintiff and *Qui Tam* Relator

## DEMAND FOR JURY TRIAL

Relator, on behalf of himself and the United States, respectfully demands a jury trial in this Action.

Dated: June 12, 2019

*Ronald Cloyce Wagda*
Donald Cloyce Wagda
*Pro Se* Plaintiff and *Qui Tam* Relator